IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY HAWK,**

      **Plaintiff,**

  vs.                                      Civil Action 2:09-CV-1058
                                                 Judge Smith
                                          Magistrate Judge King

**CITY OF ATHENS,**

      **Defendant.**

## OPINION AND ORDER

Plaintiff, a state prisoner, claims the right to appeal his criminal conviction and seeks to assert in this civil rights action a claim based on the denial of access to the Courts. On November 24, 2009, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the action be dismissed, reasoning that plaintiff's claim under 42 U.S.C. §1983 cannot proceed so long as his underlying criminal conviction remains. *Report and Recommendation,* Doc. No. 4. *See Heck v. Humphrey,* 512 U.S. 477 (1994).[1] This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 6, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b).

In his objections, plaintiff disagrees with the reasoning of the Magistrate Judge and argues that his request for damages in this action does not violate *Heck*. "... I seek monetary damages, and ... see

---

[1] Plaintiff's prior habeas corpus action in this Court, in which plaintiff challenged his underlying criminal conviction based on, *inter alia,* the alleged denial of his right to appeal, was dismissed as untimely. *Hawk v. Warden Noble Correctional Institution*, 2:06-CV-707.

the minimal and full purpose of this action [is] to be granted a[n] order by this honorable court demanding the defendant to grant access to me by way of appeal." *Objection,* at 1, Doc. No. 6. One of the cases cited by plaintiff in support of this assertion, *Morris v. Wolfe,* 2:06-CV-324 (S.D. Ohio 2008), was a case in which this Court considered a similar claim in a habeas corpus action. That case, therefore, actually supports the reasoning of the Magistrate Judge. The other cases cited by plaintiff, *Thompson v. Choinski*, 525 F.3d 205 (2nd Cir. 2008); *Carter v. Schotten*, 70 Ohio St.3d 89 (1994), involve claims of inadequacy of prison law libraries and other conditions of confinement. These cases cannot be construed as standing for the proposition that the denial of a prisoner's right to appeal his criminal conviction does not sound in habeas corpus.

In any event, the only defendant named in the *Complaint* is the City of Athens which plaintiff alleges, "operated as the Court of Appeals and Common Pleas. ..." *Complaint,* at 1, Doc. No. 3. To the contrary, Ohio courts are arms of the State of Ohio and not of local governments such as cities. *Mumford v. Basinski*, 105 F.3d 264 (6th Cir. 1997). As agencies of the State of Ohio, the courts of this state are vested with the immunity from suit in federal courts conferred by the Eleventh Amendment to the United States Constitution. *Id.* For this reason, too, plaintiff's action under §1983 cannot proceed.

**WHEREUPON** plaintiff's objections to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be

granted.

The Clerk shall enter **FINAL JUDGMENT**.

_s/George C. Smith_
George C. Smith, Judge
United States District Court
